UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

_____

**Tikiz Franchising, LLC and**          )
**Tikiz Enterprises, LLC**              )          Civil Action No._____
                                         )
          Plaintiffs                     )
                                         )
          v.                             )
                                         )
**Kona Ice, Inc.**                       )
                                         )
          Defendant                      )
_____

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND OTHER RELIEF

Plaintiffs bring this action and complain as follows:

### The Parties

1.      Plaintiff, Tikiz Franchising, LLC ("Tikiz") is a limited liability company organized under the laws of Florida with a business address at 1021 S. Rogers Circle, Suite 1, Boca Raton, Florida 33487. Plaintiff Tikiz Enterprises, LLC is also a limited liability company organized under the laws of Florida with a business address at 1021 S. Rogers Circle, Suite 1, Boca Raton, Florida 33487.

2.      Defendant, Kona Ice, Inc. ("Kona") is a corporation organized under the laws of Kentucky with a business address at 5945 Centennial Circle, Florence, Kentucky 41042.

### Nature of Action

3.      This action is for (1) a declaratory judgment that (A) Tikiz and Tikiz Enterprises, LLC do not infringe U.S. Patent No. 9,751,447 ("the '447 Patent"), and (B) that the '447 Patent and U. S.

Patent No. 9,321,387 ("the '387 Patent") are invalid and/or unenforceable, and (2) breach by Kona of a settlement agreement existing between Tikiz and Kona.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a), 2201 and 2202. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2), (c)(2), and (d).

### Statement of Facts

5.      Tikiz franchises persons to market frozen treats, including ice cream and flavored shaved ice, using a mobile kiosk, specifically a truck outfitted to provide these frozen treats. Tikiz designs, builds (or has built by others according to its specifications), and provides these mobile kiosks to its franchisees. Tikiz presently has franchisees in Florida and various other states. Tikiz mobile kiosk utilizes patents issued to Tikiz; namely U.S. Patent No. 9,352,679 ("the '679 Patent") and U.S. Design Patent No. 704,493. Tikiz Enterprises, LLC operates like a franchisee in that it uses the mobile kiosk provided by Tikiz.

6.      Kona also franchises persons to market frozen treats, including ice cream and flavored shaved ice, using a mobile kiosk, specifically a truck outfitted to provide these frozen treats. Kona presently has franchisees in various states, including over 40 franchisees in Florida and further including franchisees in this judicial district.

7.      Kona alleges to be the owner of the '447 Patent and the '387 Patent, as well as U.S. Patent No. 8,157,136 ("the '136 Patent").

8.      Based on the '136 Patent, Kona filed an action for patent infringement against Tikiz's predecessor (Tikiz Development Group, LLC) on May 25, 2012, Case No. 9:12-cv-80572. The

parties filed a stipulated dismissal with prejudice of this patent action, and said action was dismissed on November 30, 2012.

9.      With respect to the foregoing patent action, and prior to such dismissal, Tikiz and Kona formed a Settlement Agreement and Release (undated) (the "Settlement Agreement") which for the most part was deemed confidential by the parties.

10.     Pursuant to the Settlement Agreement, Tikiz redesigned certain features of its mobile kiosk, such features were made part of a retrofitted mobile kiosk, Tikiz provided proof thereof to Kona, and Kona covenanted not to sue Tikiz for infringement of the '136 Patent. In the Settlement Agreement, in a further provision entitled "Release and Covenant not to Sue" Kona made further promises not to sue Tikiz, nor other related persons, for any causes of action that may bear on the redesign by Tikiz and other events discussed herein below regarding patent infringement actions initiated by Kona.

11.     In September 2017, Kona filed 16 patent infringement actions based on the '447 Patent. In each action, Kona acknowledged that the defendant was a franchisee of Tikiz. To date, Kona has not filed any action against Tikiz alleging infringement of the '447 Patent.

12.     Of the 16 above-mentioned patent actions, 11 are still pending and identified as follows:

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiff: Kona Ice, Inc.<br><br>Defendants: Dean Messier and Lori Messier | D. Arizona | 2:17-03298 | David G. Campbell |
| Plaintiff: Kona Ice, Inc.<br><br>Defendant: Al Liu | D. Colorado | 1:17-02301 | R. Brooke Jackson |
| Plaintiff: Kona Ice, Inc.<br><br>Defendant: Renzo Silva-Romero | D. Colorado | 1:17-02302 | Christine M. Arguello |

| | | | |
|---|---|---|---|
| Plaintiff: Kona Ice, Inc.<br><br>Defendants: Scott Bailey and Renee Bailey | N.D. Florida | 3:17-00698 | M. Casey Rodgers |
| Plaintiff: Kona Ice, Inc.<br><br>Defendants: Guillermo Canedo and Icetastic Enterprises LLC | S.D. Florida | 0:17-61842 | Ursula Ungaro |
| Plaintiff: Kona Ice, Inc.<br><br>Defendant: Jareth Navarre | W.D. Louisiana | 2:17-01208 | unassigned |
| Plaintiff: Kona Ice, Inc.<br><br>Defendant: Brad Bumgarner | W.D. North Carolina | 3:17-00563 | Max O. Gogburn, Jr. |
| Plaintiff: Kona Ice, Inc.<br><br>Defendants: Timothy Snee, Terry Snee, and T-N-T Ice LLC | D. Maryland | 1:17-02809 | George Jarrod Hazel |
| Plaintiff: Kona Ice, Inc.<br><br>Defendants: Derek Hodgson and Kelly Hodgson | E.D. Texas | 4:17-00667 | Amos L. Mazzant, III |
| Plaintiff: Kona Ice, Inc.<br><br>Defendants: Brandon Crowder, Juliette Cozier, and J&B Icescapes, LLC | S.D. Texas | 4:17-02837 | Sim Lake |
| Plaintiff: Kona Ice, Inc.<br><br>Defendants: Oline Detavernier, Jo Detavernier, and JOT Enterprises, LLC | W.D. Texas | 5:17-00931 | Xavier Rodriguez |

13.    Of the 16 above-mentioned patent actions, five were voluntarily dismissed by Kona without prejudice and identified as follows:

| | | | |
|---|---|---|---|
| Plaintiff: Kona Ice, Inc.<br><br>Defendants: John Meza, Matthew Meza, and Jessica | N.D. California | 3:17-05482 | William H. Orrick |

| Meza | | | |
|---|---|---|---|
| Plaintiff: Kona Ice, Inc.<br><br>Defendants:        Robert Hocking, Virginia Hocking, and P&P Hocking LLC | M.D. Florida | 3:17-00984 | Brian J. Davis |
| Plaintiff: Kona Ice, Inc.<br><br>Defendants:        Scott MacMillan   and   FLMK Enterprises, LLC | M.D. Florida | 8:17-02180 | Charlene      Edwards Honeywell |
| Plaintiff: Kona Ice, Inc.<br><br>Defendant: Charley Abbott | S.D. Florida | 0:17-61841 | Beth Bloom |
| Plaintiff: Kona Ice, Inc.<br><br>Defendants:  Howard  Hale and Fun Time Foods, LLC | E.D. Tennessee | 1:17-00261 | Harry S. Mattice, Jr. |

14.     In 2016, Kona filed two patent infringement actions based on the '387 Patent. Both actions were against franchisees of Tikiz and both actions were jointly dismissed with prejudice. The actions are as follows: Kona Ice, Inc. v. Lorraine E. English and Wayne Strickland, M.D. Florida, 6:16-00951, filed June 1, 2016 and dismissed October 24, 2016; and Kona Ice. Inc. v. T-N-T Ice, LLC, D. Maryland, 0:16-01734, filed May 31, 2016 and dismissed October 5, 2016. The latter defendant, T-N-T Ice, LLC, is also a defendant in the same district of Maryland among the above-identified active cases regarding the '447 Patent.

15.     In view of the issuance of the '387 Patent and the foregoing patent infringement actions in 2016, Tikiz again redesigned and retrofitted its mobile kiosks. Such redesign, however, was the operable design used by Tikiz's franchisees that Kona again alleged to infringe the '447 Patent in the sixteen above-identified actions.

16.     The '136 Patent, as first asserted by Kona against Tikiz in 2012, issued from a provisional application filed in the U.S. Patent and Trademark Office ("USPTO") on July 16,

2007 followed by a regular application filed on July 11, 2008. The '136 Patent issued on April 17, 2012.

17.     The '387 issued on April 26, 2016 from an application filed February 27, 2013. That application stated that it was "related" to the '136 Patent, and expressly incorporated the disclosure thereof. These statements in the application became part of the '387 Patent as issued.

18.     The '447 Patent is a continuation of the application issuing as the '387 Patent and issued on September 5, 2017 from an application filed September 30, 2015. That application, like the application for the '387 patent, stated it was "related" to the '136 Patent and expressly incorporated the disclosure thereof.  Likewise, these statements in the application became part of the '447 Patent as issued.

19.     The '447 Patent, as asserted in the 16 above-identified patent infringement actions, contains ten claims. Claim no. 1 is the only independent claim, and all other claims are dependent, either directly or indirectly through an intermediary claim, to claim no. 1. At a minimum, Kona has asserted claim no. 1 as the basis for alleged infringement of the '447 Patent in the 16 above-identified actions. The Complaint in each of those actions states (emphasis added):

> Claim 1 of the '447 patent recites the following limitations:
>
> A mobile confectionary apparatus, comprising:
>
> a vehicle including at least one upstanding side wall;
>
> an interior space surrounded by the at least one upstanding side wall and configured to receive at least one person;
>
> an opening extending through the at least one upstanding side wall and through which an item may be passed from the interior space to outside of the vehicle; and
>
> a liquid toppings dispensing system including **a housing being positioned adjacent to, and opposing, the at least one upstanding side wall** and including a plurality of liquid

dispensers configured to dispense at least one liquid topping onto the item, each of the plurality of liquid dispensers being in fluid communication with at least one reservoir holding the at least one liquid topping, with the liquid toppings dispensing system **being located externally of the at least one upstanding side wall and spaced entirely laterally therefrom by a gap.**

20.     The mobile kiosk designed by Tikiz, and provided by Tikiz to its franchisees, does not infringe, in any manner, any claim of the '447 Patent. In particular, the mobile kiosk fails to meet the claim limitations of claim no. 1 of the '447 Patent in at least the following respects: the kiosk lacks the limitations in bold print above, namely "a housing being positioned adjacent to, and opposing, the at least one upstanding side wall" and/or "being located externally of the at least one upstanding side wall and spaced entirely laterally therefrom by a gap."

21.     As part of the settlement of the patent infringement action in 2012 by Kona against Tikiz based on the '136 Patent, Tikiz redesigned its mobile kiosk and proof of same was disclosed to Kona. On information and belief, Kona used the disclosure by Tikiz to claim as the invention of Kona in filing the application which later issued as the '387 Patent which in turn became the basis for the later-issued '447 Patent. Kona derived its alleged inventions, in at least independent claim no. 1, of the '387 Patent and the '447 Patent from the disclosure made by Tikiz to Kona.

22.     The redesign of its mobile kiosk by Tikiz became the basis for Tikiz filing its own patent application on July 27, 2012 which issued as the '679 Patent on May 31, 2016. Prior to such issuance, Tikiz' application was published by the USPTO on January 30, 2014 as US 2014/0027471.

23.     The application by Kona resulting in the '387 Patent was initially refused by the USPTO as anticipated by Tikiz's published application US 2014/0027471 pursuant to 35 U.S.C § 102(e). The Tikiz application was thus material to any viable prosecution of the '387 Patent.

24.    To overcome the USPTO's refusal, Kona filed on June 24, 2014 a Declaration Under 37 C.F.R. § 1.131 as executed by Tony Lamb, the alleged inventor, and as assisted in the filing by Kona's attorney, Kevin E. Kuehn. Therein, Mr. Lamb swore that his invention was conceived and reduced to practice prior to July 27, 2012 (*i.e.,* the filing date of the published Tikiz application). Kona's attorney likewise submitted arguments that Mr. Lamb conceived and reduced to practice the invention prior to July 27, 2012. This declaration was rejected as insufficient by the USPTO. In response, Kona filed a Supplemental Declaration Under 37 C.F.R. § 1.131 and a second Supplemental Declaration Under 37 C.F.R. § 1.131 on, respectively, December 3, 2014 and February 17, 2015; each such filing with a swearing by Mr. Lamb, and accompanied by supporting arguments by Kona's attorney, that the invention was conceived and reduced to practice prior to July 27, 2012.

25.    By Kona's declarations through Mr. Lamb, Kona was asserting that Mr. Lamb had established his invention prior to the invention shown by Tikiz to Kona as part of the Settlement Agreement for the litigation in 2012 between Tikiz and Kona. As part of that Settlement Agreement, Kona made a covenant not to sue Tikiz on any aspect of the disclosed redesign, even as to any future cause of action.

26.    Tikiz (and any reasonable observer) must conclude either that Kona knowingly issued the covenant not to sue because it recognized that it had no claim to inventorship to the disclosure made by Tikiz, or that Kona (through Mr. Lamb and/or its attorney) later made a false, material misrepresentation to the USPTO by asserting that Mr. Lamb's invention was conceived and reduced to practice before the filing date of Tikiz's application. Mr. Lamb, as President and CEO of Kona, signed the Settlement Agreement in 2012 with Tikiz. In doing so, Mr. Lamb knowingly waived the right to sue Tikiz on an invention that he, himself, purportedly conceived and reduced

to practice just months before the execution of the agreement. Therefore, Tikiz (and any reasonable observer) must conclude that Mr. Lamb did indeed make a false, material misrepresentation to the USPTO by signing and filing the above-mentioned Declaration Under 37 C.F.R. § 1.131 and the subsequent supplemental declarations.

27.     Kona's path in the USPTO to obtaining the '387 Patent was clearly blocked by the refusal based on the prior-filed application by Tikiz. By claiming that his invention antedated that of Tikiz in Mr. Lamb's Declaration Under 37 C.F.R. § 1.131, Tikiz, on information and belief as shown in the foregoing facts, avers that Mr. Lamb intended to deceive the USPTO in order to obtain the '387 Patent upon which Kona later sued franchisees of Tikiz in 2016. Such intent by Mr. Lamb is known uniquely to him, but Tikiz avers that indicia of such intent will be evidenced by discovery into the facts surrounding the prosecution history of the '387 Patent at the USPTO.

28.     As described above, Kona derived its invention(s) issuing as the '387 Patent and the '447 Patent from the disclosure shown to Kona by Tikiz. It follows, therefore, that the inventors of the Tikiz invention (Brian and David Tollefson) should have been identified as inventors in the application filed by Kona leading to the '387 Patent and the '447 Patent. The application filed February 27, 2013 by Kona through its attorney (Mr. Kuehn) was accompanied by the declaration of Mr. Lamb swearing himself to the sole inventor. These allegations of sole inventorship were materially false representations to the USPTO. By statute, the identity of any and all inventors is material information to the USPTO in determining patentability. Kona did not wish to disclose that its competitor Tikiz (through the Tollefson inventors) had disclosed the invention from which Kona derived its invention. Accordingly, on information and belief, Tikiz avers that Kona claimed inventorship with the intent to deceive the USPTO.

9

29.     The above-described prosecution history of the '387 Patent necessarily forms a part of the prosecution history of the '447 Patent since the latter is a continuation of the former. In particular, the application for the '447 Patent filed on September 30, 2015 again contained the declaration of Mr. Lamb alleging himself as the sole inventor to the exclusion of the Tikiz inventors. Accordingly, Tikiz likewise and for the same reasons avers on information and belief that Kona (through Mr. Lamb and/or its attorneys) made false, material misrepresentations to the USPTO with intent to deceive the USPTO in issuing the '447 Patent.

30.     An actual controversy exists between, on the one hand, Kona and, on the other hand, Tikiz and Tikiz Enterprises, LLC, with respect to any alleged infringement of the '447 Patent by the mobile kiosk designed, made, and provided by Tikiz to its franchisees and to Tikiz Enterprises, LLC for use in commercial activity. This actual controversy extends further to the validity and enforceability of the '387 Patent and the '447 Patent. Tikiz has been thwarted in its commercial activity by a series of patent infringement cases that have caused Tikiz to create new designs (and retrofit its fleet of mobile kiosks) only to find that the designs have been misappropriated by Kona and used as the basis for patents to repeatedly allege patent infringement. Tikiz thus seeks a declaratory judgment to remove the cloud of patent infringement that hangs over its operations and the operations of all of its franchisees.

**First Claim for Relief**
Declaratory Judgment of Non-infringement
Based on Settlement Agreement
U.S. Patent Nos. 9,751,447 and 9,321,387

31.     The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

32.     Tikiz, nor its franchisees, have infringed in any manner any claim of the '447 Patent

or the '387 Patent in view of the Release and Covenant not to Sue, granted by Kona in favor of Tikiz, and all agents and other persons related to Tikiz, which forms a part of the Settlement Agreement concluded in 2012 between Kona and Tikiz.

**Second Claim for Relief**
Declaratory Judgment of Non-infringement
Based on Patent Law
U.S. Patent No. 9,751,447

33.    The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

34.    Tikiz, nor its franchisees, have infringed in any manner any claim of the '447 Patent because the mobile kiosk designed, made, and provided by Tikiz to its franchisees for use in commercial activity does not meet the claim limitations of any claim of the '447 Patent.

**Third Claim for Relief**
Declaratory Judgment of Patent Invalidity
U.S. Patent No. 9,751,447

35.    The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

36.    The '447 Patent is invalid because the inventors thereof did not themselves invent the subject matter sought to be patented pursuant to 35 U.S.C. § 102(f) (pre-AIA).[*]

**Fourth Claim for Relief**
Declaratory Judgment of Patent Invalidity
U.S. Patent No. 9,751,447

37.    The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

---

[*] The "AIA" is the America Invents Act, Pub. L. 112-29, September 16, 2011 codified in various sections of the Patent Act, 35 U.S.C. § 1 *et seq.* Based on the facts in Paragraph 17 above, the pre-AIA provisions of Section 102 are applicable.

38.     The '447 Patent is invalid because before the alleged invention thereof, the invention was made in this country by the inventors at Tikiz who did not abandon, suppresses, or conceal it pursuant to 35 U.S.C. § 102(g)(2) (pre-AIA).

**Fifth Claim for Relief**
Declaratory Judgment of Patent Invalidity
U.S. Patent No. 9,751,447

39.     The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

40.     The '447 Patent is invalid as it would have been obvious pursuant to 35 U.S.C. § 103 (pre-AIA) and/or the doctrine of nonstatutory double patenting.

**Sixth Claim for Relief**
Declaratory Judgment of Inequitable Conduct
U.S. Patent No. 9,751,447

41.     The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

42.     The '447 Patent is unenforceable due to inequitable conduct because the inventor and/or Kona's attorneys made material, false misrepresentations to the USPTO with the intent to deceive the USPTO.

**Seventh Claim for Relief**
Declaratory Judgment of Patent Invalidity
U.S. Patent No. 9,321,387

43.     The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

44.     The '387 Patent is invalid because the inventors thereof did not themselves invent the subject matter sought to be patented pursuant to 35 U.S.C. § 102(f) (pre-AIA).

**Eighth Claim for Relief**
Declaratory Judgment of Patent Invalidity
U.S. Patent No. 9,321,387

45.     The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

46.     The '387 Patent is invalid because before the alleged invention thereof, the invention was made in this country by the inventors at Tikiz who did not abandon, suppresses, or conceal it pursuant to 35 U.S.C. § 102(g)(2) (pre-AIA).

**Ninth Claim for Relief**
Declaratory Judgment of Inequitable Conduct
U.S. Patent No. 9,321,387

47.     The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

48.     The '387 Patent is unenforceable due to inequitable conduct because the inventor and/or Kona's attorneys made material, false misrepresentations to the USPTO with the intent to deceive the USPTO.

**Tenth Claim for Relief**
Breach of Settlement Agreement by Kona

49.     The allegations of paragraphs 1 through 30 are hereby incorporated as if fully set forth herein.

50.     Kona has breached the Settlement Agreement with Tikiz by filing at least 18 actions for patent infringement in breach of the Release and Covenant not to Sue, granted by Kona in favor of Tikiz, and all agents and other persons related to Tikiz, which forms a part of the Settlement Agreement concluded in 2012 between Kona and Tikiz.

51.     Kona's breach has resulted in damages to Tikiz believed to be substantially in excess of

$ 75,000, including liquidated damages in the amount of $ 5,000 for each of the 18 patent infringement actions, plus attorney's fees and costs in enforcement of the agreement, as well as other damages to be proven at trial.

### Relief Requested

Wherefore, Tikiz prays for the following relief:

A.    Judgment that:

1.    U. S. Patent Nos. 9,751,447 and 9,321,387 are invalid;

2.    U. S. Patent Nos. 9,751,447 and 9,321,387 unenforceable due to inequitable conduct;

3.    Tikiz, and its franchisees and other related persons, have not infringed U. S. Patent No. 9,751,447;

4.    Any action by Kona with respect to U. S. Patent No. 9,751,447 against Tikiz, and its franchisees and other related persons, is barred by an agreement between Kona and Tikiz in favor of Tikiz and its franchisees and other related persons; and

5.    Kona has breached its settlement agreement with Tikiz.

B.    An accounting of the damages sustained by Tikiz due to all of the complained-of conduct by Kona.

C.    An award of all costs and attorney's fees incurred by Tikiz for this action.

D.    Such further relief as this Court may deem just and appropriate.

Dated: February 2, 2018

Law Offices of Mark C. Perry, P.A.
2400 East Commercial Boulevard
Suite 511
Ft. Lauderdale, FL 33308
Office: (954) 351-2601
Fax: (954) 351-2605
Email: mark@markperrylaw.com

By:   ***/s/ Mark C. Perry***
Mark C. Perry, Esq.
Fla. Bar No.: 251941

**Of Counsel:**

Michael Culver
Millen, White, Zelano & Branigan, P.C.
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Tel: 703-243-6333
Fax:  703-243-6410\
Email: culver@mwzb.com


Attorneys for Plaintiffs